SECURITIES AND EXCHANGE COMMISSION, Appellee

Terri L. Steffen and Puma Foundation, Ltd., Appellants

v.

Paul A. BILZERIAN, Appellant

Ernest B. Haire, et al., Appellees.

No. 10–5308.

United States Court of Appeals, District of Columbia Circuit.

Oct. 28, 2011.

Hope Hall Augustini, Senior Litigation Counsel, Securities and Exchange Commission (SEC), Washington, DC, for Appellee.

Paul Decailly, Decailly Law Group, PA, Tampa, FL, for Appellants.

Paul A. Bilzerian, Tampa, FL, pro se.

Geoffrey Todd Hodges, G.T. Hodges P.A., Lutz, FL, for Appellees.

BEFORE: HENDERSON, ROGERS, and TATEL, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). For the reasons set forth in the accompanying memorandum, it is

**ORDERED AND ADJUDGED** that the district court's order filed July 13, 2010, 729 F.Supp.2d 1, be vacated as moot with respect to the sanctions imposed for the failure to dismiss the lawsuit *Puma Foundation, et al. v. Haire*, Case No. 06–9816, in the Thirteenth Circuit Court in Hillsborough County, Florida, and affirmed in all other respects.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

■ The dismissal by the Thirteenth Circuit Court in Hillsborough County, Florida of the lawsuit *Puma Foundation, et al. v. Haire*, Case No. 06–9816, rendered moot the issue of appellants' compliance with the district court's prior order to dismiss that suit. Accordingly, the district court lacked jurisdiction to impose sanctions for the failure to dismiss the suit. *See Loughlin v. United States*, 393 F.3d 155, 170–71 (D.C.Cir.2004) ("[A]n appellate court may act *sua sponte* to vacate a trial court decision if it determines that the lower court lacked jurisdiction due to mootness."). In addition, appellant Terri Steffen has represented that the action she filed against Geoffrey Hodges in Case No. 09–ap–93–ALP (Bankr.M.D.Fla.) was dismissed, but as Steffen apparently filed a motion for reconsideration of the dismissal order, and no ruling on the motion is evident from the docket of the case, the court is not satisfied that the civil contempt matter is moot with respect to this lawsuit.

■ Appellants' remaining arguments are without merit. This court has already rejected the argument that the district court lacked jurisdiction to impose a civil contempt sanction on its own motion. *See SEC v. Bilzerian*, 410 Fed.Appx. 346, 347–48 (D.C.Cir.2010). Because Puma Foundation and Steffen failed to raise their challenge to the scope of the district court's July 19, 2001 injunction before the district court in the contempt proceeding at issue, that challenge is forfeited on appeal. *See Breeden v. Novartis Pharm. Corp.*, 646 F.3d 43, 56 (D.C.Cir.2011). Moreover, Puma Foundation and Steffen have failed to show that the district court abused its discretion in applying the 2001 injunction to them, *see Armstrong v. Exec. Office of the President, Office of Admin.*, 1 F.3d 1274, 1289 (D.C.Cir.1993) (district court's finding of contempt is reviewed for abuse of discretion), or that they were entitled to discovery or an evidentiary hearing, *see Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1019–20 (D.C.Cir.1997).